RECEIVED
MAR 10 2011
CLERK
U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Brandon Lancaster, Dallas Lancaster and Jacob Lancaster,<br><br>Plaintiffs,<br>v.<br><br>Xcel Energy, a Minnesota corporation; Xcel Energy, Inc.; Xcel Energy Retail Holdings, Inc.; and Xcel Energy Services, Inc.,<br><br>Defendants. | Court File No.: _____<br><br><br><br>COMPLAINT<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs, for their cause of action against the above-named Defendants, state and allege as follows:

## PARTIES

1. Plaintiffs Brandon Lancaster, Dallas Lancaster and Jacob Lancaster are natural persons residing in the City of Roseville, County of Ramsey, State of Minnesota, and are "Persons" as that term is defined in 42 U.S.C. § 9613(f).

2. Upon information and belief, Defendant Xcel Energy ("Xcel") is a Minnesota corporation with its principal place of business located at 414 Nicollet Mall, Minneapolis, Minnesota 55401. Xcel is a "Person" that arranged for disposal of a hazardous substance as that term is defined in 42 U.S.C. § 9607(a)(3).

3. Upon information and belief, Defendant Xcel Energy, Inc. ("Xcel, Inc.") is a Minnesota corporation with its principal place of business located at 380 Jackson Street, #700 St. Paul, Minnesota, 55101. Upon information and belief, Xcel, Inc. is also a

SCANNED
MAR 10 2011
U.S. DISTRICT COURT MPLS

"Person" that arranged for disposal of a hazardous substance as that term is defined in 42 U.S.C. § 9607(a)(3).

4. Upon information and belief, Defendant Xcel Energy Retail Holdings, Inc. ("Xcel Holdings") is a Minnesota corporation with its principal place of business located at 380 Jackson Street, #700 St. Paul, Minnesota, 55101. Upon information and belief, Xcel Holdings is a "Person" that arranged for disposal of a hazardous substance as that term is defined in 42 U.S.C. § 9607(a)(3).

5. Upon information and belief, Defendant Xcel Energy Services, Inc. ("Xcel Services") is a Texas corporation conducting business within the State of Minnesota and operating from offices located at 380 Jackson Street, #700 St Paul, Minnesota, 55101. Upon information and belief, Xcel Services is a "Person" that arranged for disposal as that term is defined in 42 U.S.C. § 9607(a)(3). Defendants Xcel Energy, Xcel, Inc., Xcel Holdings and Xcel Services are collectively referred to herein as "Xcel."

## JURISDICTION

6. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

7. Jurisdiction is also proper in this Court because this action arises out of Defendants' violations of the Comprehensive Environmental Response, Compensation Liability Act 42 U.S.C. § 9601, et al. ("CERCLA") and the Toxic Substances Control Act, 15 U.S.C. § 2601 ("TSCA").

8. Venue is proper in this District because the acts and transactions at issue in this lawsuit occurred within this District, Plaintiffs reside in this District, and Defendants transact business in this District.

## FACTUAL ALLEGATIONS

9. Upon information and belief, Axicor Trihus was employed by Xcel for a significant number of years as an electrical engineer. Upon information and belief, Mr. Trihus acting within the scope of his employment with Xcel had access to hazardous substances owned, possessed, stored, disposed of or otherwise under the dominion and control of Xcel. Upon information and belief, Mr. Trihus retired from Xcel prior to 2010.

10. Upon information and belief, Axicor Trihus and Lois Trihus were husband and wife during most, if not the entire period, of Mr. Trihus' employment with Xcel.

11. Mr. and Mrs. Trihus owned that certain piece of real property legally described as Section 3, Township 29, Range 23, Rose Park, Lot 24, Block 1 and commonly referred to as 2719 Hamline Avenue North, Roseville, Minnesota 55113 (the "Property") up to the point of Mr. Trihus' death at some unknown point in time prior to January 4, 2010. Upon information and belief, upon Mr. Trihus' passing his interest in the Property transferred in whole to Mrs. Trihus.

12. At some point in time prior to his death, Mr. Trihus transported electrical capacitors owned, possessed, stored, disposed of or otherwise under the dominion and control of Xcel that contained Poly Chlorinated Biphenyls ("PCBs") to the Property and stored or disposed of the PCB containing capacitors (the "Capacitors") upon the Property.

13.     On or about December 12, 2009, Plaintiffs Brandon and Dallas Lancaster entered into a purchase agreement with Mrs. Trihus under which the Lancasters agreed to purchase the Property and Mrs. Trihus agreed to sell the Property.  As part of that transaction, Mrs. Trihus was required to complete a Seller's Property Disclosure Statement as required by Minn. Stat. § 513.52 – 513.60.   Under Minn. Stat. § 513.52 – 513.60, Mrs. Trihus was required to disclose any environmental concerns that previously or currently existed on the Property, including but not limited to the presence of hazardous substances.  Mrs. Trihus completed the Seller's Property Disclosure Statement by indicating that there were no such hazardous substances existing on the Property.

14.     On January 4, 2010, the Lancasters closed the purchase of the Property, received a warranty deed from Mrs. Trihus conveying the Property to them, shortly thereafter took possession of the Property and began using the Property along with their young son as their homestead.  Plaintiffs planned on having several more children and raising their family on the Property.

15.     Prior to closing the sale of the Property and without disclosing the same to the Lancasters, Mrs. Trihus contacted Xcel on December 3, 2009, requesting that it remove certain electrical equipment, including without limitation six Capacitors that were either being stored on the Property or that had been disposed of thereon.

16.     Upon information and belief, in late 2009 or early 2010 Xcel visited the Property, removed the Capacitors, and took pictures and soil samples regarding the same.

17. Following the removal of the Capacitors, Xcel wrote to the Lancasters and by letter dated February 25, 2010 indicated that when Xcel was at the Property removing the Capacitors it observed "a tar like substance . . . leaking from one of the [C]apacitors."

18. Upon information and belief, Xcel took a sample of the leaking tarry substance identified in that letter, tested it and determined that it contained PCBs. Xcel admitted the same in its February 25, 2010 letter.

19. PCBs are a "Hazardous Substance" as defined in 42 U.S.C. § 9601(14).

20. In its February 25, 2010 letter, Xcel indicated that it took a soil sample from beneath the location of the leaking Capacitors, analyzed that soil and found it to contain PCBs. Subsequent testing has identified the presence of PCBs at other locations on the Property.

21. On or about December 4, 2009, Xcel contacted a Minnesota Duty Officer with the Minnesota Department of Public Safety – Bureau of Criminal Apprehension and reported that one of Xcel's former employees removed Capacitors from the workplace and stored them at the Property. The report further indicates that since the former employee's death, his wife was trying to clean up the area and a Capacitor was found leaking to its own surface. This report identifies the responsible party as Xcel Energy.

22. The presence of the hazardous substances upon the Property has caused the Property to lose substantially all of its value, and has caused Plaintiffs to suffer severe and substantial economic, physical and emotional damages.

## TRIAL BY JURY

23. Plaintiffs are entitled to and hereby respectfully demand a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF CERCLA - 42 U.S.C. § 9601 et seq.

24. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The foregoing acts and omissions of Defendants and their agents constitute numerous and multiple violations of CERCLA including, but not limited to, those articulated below.

26. Xcel caused a release on the Property of hazardous substances as defined in 42 U.S.C. § 9601(22).

27. Xcel is liable to Plaintiffs for the release on the Property of a hazardous substance as defined in 42 U.S.C. § 9607(a)(4)(B).

28. Xcel "disposed of" hazardous on the Property substances in violation of 42 U.S.C. § 9601(29).

29. As a direct result of Defendants' violations of CERCLA, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1).

## COUNT II

## VIOLATIONS OF MINNESOTA ENVIRONMENTAL RESPONSIBILITY & LIABILITY ACT ("MERLA") - MINN. STAT. § 115B.02, ET SEQ.

30. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. The foregoing acts and omissions of Defendants and their agents constitute numerous and multiple violations of MERLA including, but not limited to, those articulated below.

32. Xcel is responsible for a release on the Property of hazardous substances as defined in Minn. Stat. §115B.02, subd. 15.

33. Xcel is liable to Plaintiffs for the release on the Property of a pollutant, contaminant, or a hazardous substance as defined in Minn. Stat. §115B.02, subd. 8.

34. Xcel "released" on the Property a pollutant, contaminant, or a hazardous substance in violation of Minn. Stat. § 115B.03, et. seq.

35. As a direct result of Defendants' violations of MERLA, Plaintiffs are entitled to all reasonable and necessary removal costs incurred by them; all damages for any injury to, destruction of, or loss of natural resources, including the reasonable costs of assessing such injury, destruction, or loss; all damages for actual economic loss including, but not limited to, any injury to, destruction of, or loss of any real or personal property, including relocation costs; any loss of use of real property; any loss of past or future income or profits resulting from injury to, destruction of, or loss of real or personal property without regard to the ownership of the property; all damages for death, personal

injury, or disease, including, but not limited to, any medical expenses, rehabilitation costs or burial expenses; any loss of past or future income, or loss of earning capacity; damages for pain and suffering, including physical impairment; and reasonable attorney's fees, costs and disbursements.

36. Plaintiffs have been damaged by Defendants violations of MERLA in an amount in excess of $75,000.00, which shall be determined at trial, plus fees, costs and expenses incurred herein.

## COUNT III

**CLAIM FOR DECLARATORY RELEIF BASED UPON VIOLATIONS OF CERCLA - 42 U.S.C. § 9601 et seq., MINNESOTA ENVIRONMENTAL RESPONSIBILITY & LIABILITY ACT ("MERLA") - MINN. STAT. § 115B.02, ET SEQ., and MINNESOTA ENVIRONMENTAL RIGHTS ACT ("MERA") MINN. STAT. § 116B.02, et seq.**

37. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. A real and genuine dispute is in existence and relates to the rights and obligations with respect to storage, release or disposal of the hazardous substances at issue in this lawsuit.

39. As a result of the above, Plaintiffs are entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201, declaring and adjudging that Defendants are a responsible party ("PRP") associated with the Property from which there was a release, a threatened release or disposal of a hazardous substance which caused the incurrence of response costs, and further declaring that Defendants are liable for any necessary costs of response incurred by Plaintiff consistent with the National Contingency Plan.

40. As a result of the above, Plaintiffs are entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201, declaring and adjudging that polychlorinated byphenyls ("PCB's") are a hazardous substance under CERCLA, MERLA and MERA.

41. As a result of the above, Plaintiffs are entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201, declaring and adjudging that the Property is a facility as that term is defined in 42 U.S.C. § 9601(9).

42. As a result of the above, Plaintiffs are entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201, declaring and adjudging that there is or has been a "release" or "threatened release" of a hazardous substance, including but not limited to spilling, leaking, pumping, pouring, emitting, emptying, discharging, injecting, escaping, leaching, dumping, or disposing into the environment, including the abandonment or discarding of barrels, containers and other closed receptacles containing any hazardous substance or pollutant or contaminant.

43. As a result of the above, Plaintiffs are entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201, declaring and adjudging that Defendants have disposed of a hazardous substance upon the Property.

44. As a result of the above, Plaintiffs are entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201, declaring and adjudging that Defendants owned or operated a facility at the time of the disposal of hazardous substances on the Property regardless of whether they caused or contributed to the release or threatened release of the hazardous substance at issue in this lawsuit.

45. As a result of the above, Plaintiffs are entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201, declaring and adjudging that Defendants are a generator who "arranged for the treatment or disposal" of hazardous substances at the Property requiring cleanup.

46. As a result of the above, Plaintiffs are entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201, declaring and adjudging that Defendants are liable to the Plaintiffs for deciding the manner in which the hazardous substances at issue in this lawsuit was disposed.

47. As a result of the above, Plaintiffs are entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201, declaring and adjudging that Defendants as a generator of hazardous substances does not need to know to which site its wastes were taken in order to be held liable as one who arranged for the disposal of hazardous substances.

48. As a result of the above, Plaintiffs are entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201, declaring and adjudging Defendants strictly liable for all damages incurred by Plaintiffs as a result of their violations of CERCLA, MERLA and MERA as set forth herein.

49. As a result of the above, Plaintiffs are entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201, declaring and adjudging that Defendants have violated the Minnesota Environmental Rights Act by, *inter alia*, failing to remediate the hazardous substances at the Property.

50. As a result of the above, Plaintiffs are entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201, declaring and adjudging that Defendants are a responsible

person that released a hazardous substance at the Property, and as such are responsible for all reasonable and necessary costs incurred and all damages for any injury to, destruction of, or loss of natural resources.

## COUNT IV

## EQUITABLE INDEMNIFICATION

51. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. Plaintiffs conducted reasonable due diligence before purchasing the Property.

53. Plaintiffs have, in whole or in part, taken steps to discharge their duty to remediate the hazardous substances disposed of on the Property by Defendants, including but not limited to, beginning an investigation into the scope of the disposal and/or storage. Plaintiffs have limited financial means and, as a result, do not have the financial ability to fully remediate the hazardous substance.

54. As between Plaintiffs and Defendants, the duty to remediate the hazardous substance should be discharged by Defendants rather than by Plaintiffs, and therefore Plaintiffs are entitled to indemnity from Defendants.

55. Plaintiffs have demanded that Defendants indemnify them for the same, however, Defendants have failed and refused to indemnify Plaintiffs.

56. Plaintiffs have been damaged by Defendants failure and refusal to indemnify them in an amount in excess of $75,000.00, which shall be determined at trial, plus fees, costs and expenses incurred herein.

## COUNT V

## TREPASS

57.     Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

58.     Plaintiffs lawfully own and possess the Property.

59.     Defendants entered the Property either without Plaintiffs consent or upon entry exceed the scope of any consent relating to Defendants entry and thereon stored or disposed of hazardous substances, namely PCBs, which interfere with Plaintiffs' persons, property and rights.

60.     Plaintiffs have been damaged by Defendants acts in an amount in excess of $75,000.00, which shall be determined at trial, plus fees, costs and expenses incurred herein.

## COUNT VI

## NUISANCE

60.     Plaintiffs re-allege and incorporate by reference the preceding paragraphs as though fully set forth in their entirety herein.

61.     Nuisance is defined by statute as "[a]nything which is injurious to health, or indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property." Minn.Stat. § 561.01 (2002).

62.     An action in nuisance "may be brought by any person whose property is injuriously affected or whose personal enjoyment is lessened by the nuisance."

63. Defendants have created a nuisance by, *inter alia*, releasing or disposing of a hazardous substance upon Plaintiffs' property, causing the release or disposal of a hazardous substance upon Plaintiffs' Property, disposing of a hazardous substance upon Plaintiffs' Property, and/or storing hazardous substances on the Property. The hazardous substances are injurious to Plaintiffs' health, offensive to their senses, and an obstruction to the free use of their property so as to interfere with the comfortable enjoyment of their lives and property.

64. Plaintiffs have been damaged by Defendants acts in an amount in excess of $75,000.00, which shall be determined at trial, plus fees, costs and expenses incurred herein.

## COUNT VII

## NEGLIGENCE

65. Plaintiffs reallege the above allegations as if hereinafter set forth in full and further states and alleges as follows:

66. Defendants had duties of care to with regard to any hazardous materials they generated, stored, transported, or disposed of which duty included doing so as to not cause harm to anyone.

67. The Defendants are strictly vicariously liable for Mr. Trihus' conduct as described in this Count and above.

68. Defendants breached their duties of care by generating, storing, transporting, or disposing of hazardous materials upon the Property.

69. As a direct and proximate result of Defendants' conduct as described in this Count and above, Plaintiffs have been damaged in an amount to be proven at trial, but believed to be well in excess of $75,000.

70. By reason of the foregoing, Plaintiffs are entitled to judgment against Defendants in an amount in excess of $75,000, and reasonable attorney fees and costs, as well as further relief as is deemed appropriate.

## COUNT VIII

### NEGLIGENT HIRING, TRAINING, RETENTION, AND SUPERVISION

71. Plaintiffs reallege the above allegations as if hereinafter set forth in full and further states and alleges as follows:

72. At all times, Defendants had a mandatory duty of care to properly hire, train, retain, and supervise its officials and employees in order to prevent unreasonable risk of harm to others, including Plaintiffs.

73. Defendants did not exercise the proper duty of care when hiring, training, retaining, and supervising Mr. Trihus.

74. As a direct and proximate result of Defendants' conduct and omissions as described in this Count and above, Plaintiffs have been damaged in an amount to be proven at trial, but believed to be well in excess of $75,000.

75. By reason of the foregoing, Plaintiff is entitled to judgment against Defendants in an amount well in excess of $75,000, and reasonable attorney fees and costs, as well as further relief as is deemed appropriate.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendants for:

1. An award of reasonable damages in an amount in excess of $75,000.00, which shall be determined at trial;

2. For a declaratory Judgment on Count III that Defendants have violated CERCLA, MERLA and MERA;

3. An award of costs of litigation and reasonable attorney's fees pursuant to 42 U.S.C. § 9601, et al., Minn. Stat. §115B.02, et seq., and Minn. Stat. § 116.02, et. seq.; and

4. Such other and further relief as may be just and proper.

MANSFIELD, TANICK & COHEN, P.A.

Date: 3/11/2011.

By: _____Rick Petry_____
Rick L. Petry (#292503)
Daniel S. Schleck (#0260515)
1700 U.S. Bank Plaza South
220 South Sixth Street
Minneapolis, MN 55402-4511
(612) 339-4295
(612) 339-3161 (*facsimile*)
**ATTORNEYS FOR PLAINTIFFS**

## ACKNOWLEDGEMENT

Plaintiff asserts these claims in good faith, and acknowledges that costs, disbursements, and reasonable attorney and witness fees may be awarded to the opposing party as provided by Minnesota Statutes Sec. 549.21, subd. 2 (1994).

MANSFIELD, TANICK & COHEN, P.A.

Date: 3/11/2011.

By: /s/ Rick Petry
Rick L. Petry (#292503)
Daniel S. Schleck (#0260575)
1700 U.S. Bank Plaza South
220 South Sixth Street
Minneapolis, MN 55402-4511
(612) 339-4295
(612) 339-3161 (*facsimile*)

**ATTORNEYS FOR PLAINTIFFS**

## VERIFICATION OF COMPLAINT

STATE OF MINNESOTA )
) ss
COUNTY OF HENNEPIN )

Plaintiff Brandon Lancaster, having first been duly sworn and upon oath, deposes and says as follows:

I am a Plaintiff in this civil proceeding, and I have read the above-entitled civil Complaint prepared by my attorneys. I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

Brandon Lancaster

Subscribed and sworn to before me this \_\_\_ day of March, 2011.

Notary Public



## VERIFICATION OF COMPLAINT

STATE OF MINNESOTA )
) ss
COUNTY OF HENNEPIN )

Plaintiff Dallas Lancaster, having first been duly sworn and upon oath, deposes and says as follows:

I am a Plaintiff in this civil proceeding, and I have read the above-entitled civil Complaint prepared by my attorneys. I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

Dallas Lancaster

Subscribed and sworn to before me this 10 day of March, 2011.

Notary Public

SHEILA LAUREL JENSEN
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2015

-17-